IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBERT ANDREW JOHNSON, #46031            PETITIONER

VERSUS            NO. 1:06cv385-LG-JMR

PRESTON GOFF, Jr. Warden; and
JIM HOOD, Attorney General            RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter is before this Court on the Respondents' Motion [6-1] to Dismiss Pursuant to 28 U.S.C. § 2244(d). Having considered the Respondents' Motion [6-1], the Petitioner's Response [7-1], along with the entire record and the applicable law, this Court finds that Respondents' Motion [6-1] to Dismiss is well-taken and should be granted. Accordingly, Johnson's petition in the above-captioned action should be dismissed.

### STATEMENT OF THE CASE

On November 29, 1990, Robert Andrew Johnson ("Johnson") was convicted of armed robbery in the Circuit Court of Harrison County Mississippi and was sentenced to serve a term of twenty five (25) years as a habitual offender in the custody of the Mississippi Department of Corrections. *See* Order, attached as Exhibit "A" to Respondents' Motion to Dismiss. Johnson appealed and the Mississippi Supreme Court affirmed Johnson's conviction and sentence in a written opinion. *See Johnson v. State*, 630 So.2d 51 (Miss. 1993). The record reflects that Johnson failed to file a petition for a writ of certiorari to the United States Supreme Court following the Mississippi Supreme Court's affirmation of his conviction and sentence. On September 4, 1996, Johnson filed an "Application to Proceed in Trial Court With Petition for Post-Conviction Relief." *See* Application, attached as Exhibit "C" to Respondents' Motion to Dismiss. The Mississippi Supreme Court denied

Johnson's application in an Order filed on November 1, 1996. *See* Order, attached as Exhibit "D" to Respondents' Motion to Dismiss.

Johnson filed a successive application seeking "Post-Conviction Relief to Correct an Illegal Sentence" in the Mississippi Supreme Court on January 26, 2006. *See* Application, attached as Exhibit "E" to Respondents' Motion to Dismiss. The Mississippi Supreme Court denied Johnson's Application as successive and time-barred on February 15, 2006. *See* Order, attached as Exhibit "F" to Respondents' Motion to Dismiss. Johnson filed a "Motion for Rehearing" which the Mississippi Supreme Court denied on March 6, 2006, as improper pursuant to M.R.A.P. 27(h). *See* Order, attached as Exhibit "G" to Respondents' Motion to Dismiss. Johnson filed the instant Petition on April 6, 2006 alleging that his sentence, as an habitual offender, was illegal and was the result of a fatally defective indictment. *See* Petition for Writ of Habeas Corpus.

## ANALYSIS

The Respondent's argue that Johnson's Habeas petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). However, the one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).

On November 29, 1990, Robert Andrew Johnson ("Johnson") was convicted of armed robbery in the Circuit Court of Harrison County Mississippi and was sentenced to serve a term of twenty five (25) years as a habitual offender in the custody of the Mississippi Department of

Corrections. Johnson appealed and on December 23, 1993, the Mississippi Supreme Court affirmed Johnson's conviction and sentence in a written opinion. *See Johnson v. State*, 630 So.2d 51 (Miss. 1993). The record reflects that Johnson failed to file a petition for a writ of certiorari to the United States Supreme Court following the Mississippi Supreme Court's affirmation of his conviction and sentence. Thus, Johnson's judgment became final ninety (90) days after the final decision in state court on March 23, 1994 (December 23, 1993, plus 90 days). *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *see also Ott*, F.3d at 513 (5th Cir. 1999).

Federal habeas applicants whose convictions became final prior to April 24, 1996, are entitled to a one year grace period until April 24, 1997. *See Grillete v. Warden, Winn Correctional Facility*, 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Johnson falls into the category of applicants entitled to the one year grace period. Thus, for Johnson's petition to be considered "properly filed," as contemplated by 28 U.S.C. § 2244(d)(2), he would need to have filed his petition on or before April 24, 1997. *See Grillete*, 372 F.3d at 769; *Flannangan v. Johnson*, 154 .3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

On September 4, 1996, Johnson did file an "Application to Proceed in Trial Court With Petition for Post-Conviction Relief." The Mississippi Supreme Court denied Johnson's application in an Order filed on November 1, 1996. Johnson's Motion for Post-Conviction Relief was pending in state court for fifty-eight (58) days. In order for Johnson to file a petition within the prescribed one year limitations period, he should have filed a petition on or before June 23, 1997.[1] This date represents one year from April 24, 1996, plus fifty-eight (58) days.

---

[1] The limitations period would have expired on June 21, 1997; however, because that date fell on a Saturday, the petition would have been due on the following Monday, June 23, 1997.

Johnson filed a successive application seeking "Post-Conviction Relief to Correct an Illegal Sentence" in the Mississippi Supreme Court on January 26, 2006. On February 15, 2006, the Mississippi Supreme Court denied Johnson's Application as successive and time-barred. Johnson filed a "Motion for Rehearing" which the Mississippi Supreme Court denied on March 6, 2006, as improper pursuant to M.R.A.P. 27(h). This second petition, filed on January 26, 2006, is some 3,139 days past the June, 23, 1997, deadline and does not invoke the tolling provisions of 28 U.S.C. § 2244(d)(2).

According to the mailbox rule, a petitioner's *pro se* federal habeas petition is deemed filed on the date the petitioner delivers the petition to prison officials for mailing to the court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Johnson did not sign his petition; however the petition was received and stamped as "filed" in the district court on April 6, 2006. Even if Johnson were allowed the benefit of the standard of three (3) days for mailing time, Johnson's petition was filed some 3,206 to 3,209 days past the June 23, 1997, deadline for filing his federal habeas petition. Additionally, Johnson fails to cite any rare or exceptional circumstances which would allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Thus, Johnson's Petition is time-barred by § 2244(d).

## CONCLUSION

Based on the foregoing analysis, this Court finds that Johnson's Petition [1-1] for Writ of Habeas Corpus should be dismissed as time-barred. A Final Judgment in accordance with this

Memorandum Opinion will be issued this date.

**SO ORDERED AND ADJUDGED** this the 23rd day March 2007.

LOUIS GUIROLA, JR.
CHIEF UNITED STATES DISTRICT JUDGE